**Electronically Filed
Intermediate Court of Appeals
30608
09-NOV-2010
10:29 AM**

NO. 30608

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellant, v.
PHOKHAM VONGVIENGKHAM, Defendant-Appellee

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(CASE NO. 1P109-0009742)

ORDER DISMISSING APPEAL
(By: Fujise, Presiding Judge, Reifurth and Ginoza, JJ.)

Upon review of the record, it appears that we lack jurisdiction over Plaintiff-Appellant State of Hawai'i's (Appellant) appeal in this matter, because Appellant's appeal from the following two orders is not timely under Rule 4(b)(1) of the Hawai'i Rules of Appellate Procedure (HRAP): the February 16, 2010 "Findings of Fact, Conclusions of Law, and Order Granting Defendant's Motion to Dismiss" (the February 16, 2010 dismissal order) and the May 13, 2010 "Findings of Fact, Conclusions of Law and Order Granting Defendant's Motion to Dismiss" (May 13, 2010 dismissal order).

"The right of appeal in a criminal case is purely statutory and exists only when given by some constitutional or statutory provision." State v. Poohina, 97 Hawai'i 505, 509, 40 P.3d 907, 911 (2002) (citation and internal quotation marks

omitted). Although the February 16, 2010 dismissal order and the May 13, 2010 dismissal order appear to be appealable orders pursuant to subsections (1) and (2) of Hawaii Revised Statutes (HRS) § 641-13 (Supp. 2009), HRAP Rule 4(b)(1) requires that Appellant's "notice of appeal shall be filed in the circuit . . . court within 30 days after the entry of the . . . order appealed from." HRAP Rule 4(b)(1). "A judgment or order is entered within the meaning of this subsection when it is filed with the clerk of the court." HRAP Rule 4(b)(3). When a trial court enters multiple appealable judgments or orders,

> [t]he general rule is that where a judgment is amended in a material and substantial respect, the time within which an appeal from such determination may be taken begins to run from the date of the amendment, although where the amendment relates only to the correction of a clerical error, it does not affect the time allowed for appeal.

Poe v. Hawai'i Labor Relations Board, 98 Hawai'i 416, 418, 49 P.3d 382, 384 (2002) (citation, internal quotation marks, and ellipsis points omitted); State v. Mainaaupo, 117 Hawai'i 235, 246 n.6, 178 P.3d 1, 12 n.6 (2008).

> If the amendment of a final judgment or decree for the purpose of correcting a clerical error either materially alters rights or obligations determined by the prior judgment or decree or creates a right of appeal where one did not exist before, the time for appeal should be measured from the entry of the amended judgment. If, however, the amendment has neither of these results, but instead makes changes in the prior judgment which have no adverse effect upon those rights or obligations or the parties' right to appeal, the entry of the amended judgment will not postpone the time within which an appeal must be taken from the original decree.

Poe v. Hawai'i Labor Relations Board, 98 Hawai'i at 418, 49 P.3d at 384 (citations, internal quotation marks, and brackets omitted; emphases added). The February 16, 2010 dismissal order was immediately appealable pursuant to subsections (1) and (2) of HRS § 641-13. The May 13, 2010 dismissal order does not appear

to have amended the February 16, 2010 dismissal order in a material and substantial respect. The May 13, 2010 dismissal order merely repeats the same substantive ruling as the February 16, 2010 dismissal order. Therefore, it appears that the February 16, 2010 dismissal order triggered the thirty-day time period under HRAP Rule 4(b)(1) for filing a notice of appeal, and the subsequent May 13, 2010 dismissal order did not postpone the time within which Appellant needed to appeal from the February 16, 2010 dismissal order.

Appellant did not file the June 10, 2010 notice of appeal within thirty days after entry of the February 16, 2010 dismissal order, as HRAP Rule 4(b)(1) required, and, thus, Appellant's appeal is untimely. "As a general rule, compliance with the requirement of timely filing of a notice of appeal is jurisdictional, and we must dismiss an appeal on our motion if we lack jurisdiction." State v. Knight, 80 Hawai'i 318, 323, 909 P.2d 1133, 1137 (1996) (citation and internal quotation marks omitted). Accordingly,

IT IS HEREBY ORDERED that Appeal No. 30608 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, November 9, 2010.

Presiding Judge

Associate Judge

Associate Judge

-3-